not applicable when the witness has distinct recollection of the essential facts to which it relates."

In the case before us the witness had a distinct recollection of all the sales contained in the bill. The plaintiff contends the evidence was admissible as a detailed statement of the items testified to by the witness. It does not appear to have been so restricted by the court, but was admitted without limitation, and would necessarily be regarded by the jury as corroborative of the witness' testimony. In Howard v. McDonough, 77 N. Y. 592, cited by the plaintiff, the court appears to have held that a list of items to which a witness would testify of his own knowledge, but which were so numerous that he could not carry them or the respective values in his mind, might be put in evidence as a detailed statement of the witness' testimony. That case, however, has no application to the present controversy, and lays down no other or different rule than Bank v. Madden and the cases there cited.

We are unable to say that this paper may not have influenced the verdict of the jury, and the judgment must be reversed, and a new trial granted, with costs to abide the event. All concur.

(89 Hun, 14.)

## BEEKMAN v. BROOKLYN & B. B. R. CO.

## McCULLOM v. SAME.

(Supreme Court, General Term, Second Department. July 26, 1895.)

1. RAILROADS—CONNECTING WITH ELEVATED ROAD.
    Though a railroad organized under the act of 1850 has no power to construct an elevated road through a city for the purpose merely of serving as a substitute for a street railroad, even though built on its own right of way, but must acquire the power through a commission, and the procedure prescribed by the rapid transit act of 1875, proceedings under the act of 1875 are not necessary to authorize a railroad organized under the act of 1850 to make connection with an elevated road by means of an elevation, such elevation and extension not being a mere cover for the construction of a rapid transit elevated railroad.

2. SAME—LOCATION.
    The prohibition of the railroad act of 1892 (section 123), that no such railroad shall be constructed in or on certain streets, does not apply to a railroad incorporated under the act of 1850, being, as a matter of context, limited to railroads incorporated under the rapid transit act.

3. SAME—PETITION OF PROPERTY OWNERS.
    The provision of Brooklyn City Charter, tit. 19, § 23, for consent or petition by property owners on the street "along" which a railroad is to be operated, even if having application to any but street railroads, does not apply where construction is "across" a street.

Appeal from special term, Kings county.

Actions by Louise M. Beekman and by Marion B. McCullom, respectively, against the Brooklyn & Brighton Beach Railroad Company, for an injunction. The complaints were dismissed on the merits, and plaintiff in each case appeals. Affirmed.

The opinion of Mr. Justice CULLEN at special term is as follows:

The defendant is organized under the general act of 1850, with a railroad constructed and operated from Coney Island to Atlantic avenue, Brooklyn.

It is an ordinary steam surface road, built, not through streets, but on its own right of way, with its grade generally at the surface of the adjacent territory, though passing under some streets or avenues by tunnels or culverts. The Kings County Elevated Railroad operates an elevated railroad on Fulton street, two blocks to the north of Atlantic avenue. The defendant desires to connect its road with that of the Kings County Company, by extending its road northerly to Fulton street. To reach the elevation of the Kings County road, it is necessary that the extension, and also part of its present road, should be carried on an elevated road. To accomplish this result, the defendant has, by resolution of its directors, changed its terminus to Fulton street, acquired by purchase a right of way to that street, and obtained the consent of the common council to the extension and construction of its road. The extension crosses Leffert's Place on an elevated structure. The plaintiffs, owning property in the vicinity, one on Franklin avenue and the other on Leffert's Place, bring this action to restrain the construction of the road across Leffert's Place, claiming that the defendant is without legal right to erect it.

The first objection to the defendant's authority is the claim that a company organized under the general act of 1850 is without power to construct an elevated road in this city; that such power can be acquired only through a commission and the procedure prescribed in the rapid transit act of 1875, the provisions of which are now incorporated in the railroad law of 1892. That an elevated railroad through a city for the purpose of affording merely rapid transit or serving as a substitute for a street railroad, even though built on its own right of way, cannot be constructed under the authority of the railroad act of 1850, has been decided. Rapid Transit Co. v. Dash, 125 N. Y. 93, 26 N. E. 25. But the opinion of the court carefully declares that a railroad under the act of 1850 need not be wholly confined to the surface, and not at all an elevated or underground structure. This must be so, for in few railroads of any magnitude in the East are there not to be found tunnels or viaducts. As is said in the case cited, the judgment proceeds on special facts of the case, that the structure and scheme were entirely foreign to anything contemplated by the general act. The counsel for plaintiffs very fairly concedes that a railroad like the New York Central might be constructed through a city on an elevated viaduct without acquiring rights under the rapid transit act. I think that this conception covers the case at bar, unless it appears .that the elevation and extension of defendant's road is a mere cover for the construction of a rapid transit elevated railroad, or in reality the extension of the Kings County Elevated Road. But the agreed state of facts contains no allegation to this effect, nor are there facts set up which would justify such an inference. Common knowledge informs us that an elevated railroad of less than half a mile in length, and dropping to the surface in that distance, can neither be operated by itself for rapid transit nor as a part of the elevated railroad system in Fulton street. That the connection may be very advantageous to both roads, and increase the travel on each, is plain, and doubtless for this purpose the extension is to be made. But I find that the structure intended to be erected is not made for purposes of changing in any manner the general character of defendant's railroad, but solely that it may connect its road with the Kings County road at the grade of the latter. Such a structure, built for that purpose, is not within the condemnation passed in the Dash Case.

The next objection is based on the prohibition of the rapid transit sections of the railroad law against locating a railroad upon certain streets in Brooklyn, of which Leffert's Place is one. It is found in section 123 of the statute of 1892: "No such railroad shall be located in or upon Leffert's Place, * * * Franklin avenue * * * between the southerly line of Lexington avenue and the northerly line of Atlantic avenue, * * * but such railway may be located and constructed across such excepted streets, avenues and places at their intersection only with other streets, avenues and places." The direction that no such railroad shall be located is plainly, as a matter of context, limited to railroads incorporated under the rapid transit law. I should be unwilling to so restrict it if any immunity given by the statute to the adjoining property owners was substantially violated. The power to locate and construct roads across the excepted streets is expressly given. It is true, the roads are to be constructed at the intersection of these streets with other

streets. That Franklin avenue is an intersecting street within this provision, I am clear. If intersecting, a railroad could unquestionably be constructed along it. Here the railroad is to be constructed not on the street, but on property abutting on the street. I think such a location may fairly be considered as being at the intersection of the street. But if I am wrong in this, similar strictness of construction will exclude any railroad but those organized under the rapid transit act from the provisions of the section cited.

The last objection is that the requirement of the city charter (title 19, § 23) has not been complied with. I think the section cited has no application to any but street railroads. It was, indeed, decided in the Dash Case that, under the act of 1860, relating to the city of New York, "across" a street was "upon" a street; but it is plainly not so under this section, for the only provision for consent or petition by property owners is upon the street "along" which the road is to be operated, and the difference between "along" and "across" is unquestionable. There should be judgment for the defendant, with costs.

Argued before BROWN, P. J., and PRATT, J.

Wingate, Cullen & Miller (Geo. W. Wingate, of counsel), for appellants.

George I. Murphy, for respondent.

PRATT, J. This is an appeal by the plaintiff from a judgment at special term sustaining the right of the defendant to change its terminus and grade so as to connect with an elevated railroad. To do this it is necessary to cross at very nearly right angles two streets. From a careful examination of the case it appears that the conclusions of law are amply sustained by the evidence, and the opinion rendered at the special term covers every material point raised in the case, and we think the judgment may well be affirmed upon it. I may add, however, that the case seems to be devoid of all merit in equity, as the plaintiff shows no irreparable injury which she can suffer, and in my judgment has no standing in court to oppose the proposed improvement. First, it is to be noticed that no encroachment is threatened upon any land or easement of the plaintiff, but the same is to be built upon the private property of the defendant; and the plaintiff does not even abut upon the streets to be crossed by defendant near the point where such crossing is to be made. It is claimed that an act of the legislature forbids the building of a railroad in one of the streets to be crossed, but what private citizen can champion the cause except one who is interested in having the law enforced? It is common knowledge, too plain to require proof or to be disputed, that the proposed connection will greatly add to the public convenience, and that it falls within the settled rule of policy of the state to permit railroads to connect for the convenience of the traveling public. The case is fully discussed by the opinion below, and renders any further discussion unnecessary.

Judgment affirmed, with costs.